UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TYRELL GARCIA,

                      Plaintiff,                            **COMPLAINT**

                                                               **JURY TRIAL DEMANDED**

          -against-

THE CITY OF NEW YORK,
DETECTIVE SHAWN WARD,
UNDERCOVER DETECTIVE CO#007,
and UNIDENTIFIED DETECTIVES from the 105th PRECINCT,
sued herein in their capacity as individuals.

                            Defendants.
------------------------------------------------------------------X

        Plaintiff Tyrell Garcia, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under federal law more specifically pursuant to 42 U.S.C. §1983 and the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York as events forming the basis of the Complaint occurred in that District and subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

## The Parties

3. At all times relevant plaintiff Tyrell Garcia was a resident of the City and State of New York in the County of Queens and he is an African-American male.

4. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.

5. Pursuant to its Charter, the City of New York has established and maintains the New York City Police Department as a constituent department or agency and at all times relevant, the

City of New York employed the personnel involved in the incidents underlying this lawsuit.

6. Upon information and belief, at all times hereinafter mentioned, defendants Detective Shawn Ward, Undercover Detective CO#007 and UNIDENTIFIED DETECTIVES from the 105th PRECINCT were employed by NYC as members of its police department and they are sued herein in their capacity as individuals.

7. Defendants were at all times relevant duly appointed and acting as employees of NYC and they are liable for directly participating and/or failing to intervene to prevent those preventable acts described herein.

8. This action arises under the United States Constitution, particularly under the provisions of the First, Fourth, Sixth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

9. At all times relevant, the individual defendants were acting in their capacity as state actors under color of law.

## FACTS UNDERLYING
## PLAINTIFF'S CLAIMS FOR RELIEF

10. On August 14, 2007, Mr. Garcia, after helping a man surrender himself to the police wanted as an accused murderer, was himself arrested and the charges were later dismissed.

11. In the process of arresting Mr. Garcia, members of the NYPD from the 105th precinct, caused Mr. Garcia to be bitten by police K9's, they pushed his chest against a fence and forcefully moved him sideways against the metal fence while saying "cheese grater" and he was otherwise physically abused by police officers and charged with crimes he did not commit.

12. Mr. Garcia's grandmother was also physically abused during the incident.

13. Mr, Garcia neither had, nor today does he have, a criminal record.

14. Mr. Garcia with his grandmother as a co-plaintiff, brought a 42 U.S.C. §1983 claim in the Southern District of New York 07-cv-10441-TPG and Corporation Counsel quickly settled the matter and the settlement was consummated in 2008.

15. The named defendants in the 2007 case included officers from the 105th precinct, including Detective Sean Ward, Police Officer Benjamin Colecchia, Detective Brian Daly, Detective Bey and Detective Hassan Hamdy.

16. The story was covered extensively by the media as the incident involved a tremendous overreaction to a non crime situation in which helicopters were deployed and K-9's were unleashed on Mr. Garcia and the defendants use of force resulted in physical injuries to both Mr. Garcia and to a lesser extent to his grandmother.

17. Subsequently, one of the officers involved, Detective Hassan Hamdy, shot and killed Army reservist Noel Polanco on the service road of the Grand Central Parkway and the incident with Mr. Garcia was revisited in the media on October 5, 2012.

18. Since that time, Mr. Garcia has been harassed by members of the NYPD, although never as seriously as when the bogus charges giving rise to the instant matter were brought against him.

19. After the newspaper story about the shooting, Mr. Garcia was stopped and searched several times by Detectives from the NYPD approximately 4-5 times, each time without probable cause or even a reasonable suspicion and the officers who stop him know who he is as they question him as to whether he still has the money and about people in his neighborhood.

20. On February 19, 2016 Tyrell Garcia was leaving his aunt's house in Brooklyn.

21. When he pulled out of her driveway he passed an NYPD patrol car, and he was pulled over, at which time he gave his driver's license to the officer.

22. After the officer apparently ran Mr. Garcia's name in his RMP's computer, he came back to the car and informed him that there was an I card issued for him and that he was going to be arrested.

23. Mr. Garcia was taken to a precinct in Brooklyn New York where he was fingerprinted and held overnight and the next morning he was taken to Central Booking to be processed.

24. After Mr. Garcia was arraigned detectives from the 105 precinct, arrived to take him to the their precinct, the precinct which had been harassing him, the same command which had abused him and his grandmother.

25. The detectives who escorted Mr. Garcia to the 105th precinct told him they were taking him to see a familiar face, and they proceeded to put him in a room where Detective Shawn Ward was sitting in a chair alone.

26. Mr. Garcia and his grandmother had both sued Detective Ward over the 2007 incident and Ward had been the most physically aggressive of the defendants in that matter.

27. As Mr. Garcia walked into the room the two detectives left and Detective Ward asked Mr. Garcia if he had spent all of the money from the lawsuit yet, and he stated further "I don't care it didn't come of my pocket."

28. Defendant Detective Ward, who had been informed by Mr. Garcia's attorney on the bogus criminal matter that he would not be speaking with him, and that he was not to be questioned, then nevertheless proceeded to interrogate Mr. Garcia about other events in his neighborhood that he knew nothing about, just as he knew nothing about the fictitious charges he was arrested for on the first occasion when he brought suit against Detectives from the 105th precinct.

29. After speaking to Detective Ward, Mr. Garcia was then taken to a room with another group

of Unidentified Detectives from the 105th precinct where he was again questioned about events in his neighborhood which he knew nothing about.

30. Mr. Garcia was then taken to a cell and later to Queens Central Booking (QCB).

31. While in QCB Mr. Garcia was informed that he was being charged with the sale of a a half ounce of cocaine in 2013 and the sale of another half ounce in 2014 constituting an A felony and 2 B felonies for which he could have been sentenced to 25 years in jail even though he was innocent of both crimes.

32. Specifically, Mr. Garcia had been charged with NY PL§ 220.41-1 (AF) Criminal Sale of a Controlled Substance in the Second Degree; NY PL§ 220.16-1 (BF) (2 counts) Criminal Sale of a Controlled Substance in the Third Degree; and NY PL§ 220.39-1 (BF) (2 counts) Criminal Sale of a Controlled Substance in the Third Degree; NY PL§ 220.03 (AM) and Criminal Possession of a Controlled Substance in the Seventh Degree; all the charges were fictions.

33. When Mr. Garcia was taken to see the second judge at his arraignment in Queens he was released on his own recognizance which is highly unusual when someone is charged with such serious crimes.

34. Mr. Garcia entered a plea of not guilty to all the charges in the accusatory instrument on February 19, 2016.

35. Absolutely no evidence of either a sale or even possession of cocaine was presented in the months that followed.

36. Mr. Garcia was never indicted on the bogus allegations.

37. After nine (9) subsequent court appearances Mr. Garcia still had not been indicated.

38. On the last court appearance on the charges, on March 13, 2017, Mr. Garcia was unable to

attend as he was out of town on a family matter.

39. Mr. Garcia requested his attorney request the Court stay any bench warrant that would be issued for his failure to attend and he was informed by his attorney he could secure an adjournment.

40. Mr. Garcia had no interest in taking any plea, as he was not guilty of any crimes and he wanted the harassment he was being subjected to by the police, subsequent to the newspaper articles, to stop.

41. Mr. Garcia planned to fight the charges to a dismissal and then proceed in federal court against the officers in an effort to get them to stop harassing him as they had done from the time the newspaper articles were published.

42. However, on March 13, 2017, without Mr. Garcia being present, his attorney accepted an ACD on his behalf against his wishes.

43. On August 26, 2017 Mr. Garcia retained this office to vacate his ACD.

44. On September 13, 2017 the criminal court dismissed the charges in the furtherance of justice.

45. On October 12, 2017 Mr Garcia moved the criminal Court before the Honorable Suzanne J. Melendez to withdraw his plea to an adjournment in contemplation of dismissal and to restore the charges against him so he could fight them to a full dismissal on the merits.

46. After this office engaged in several conversations with the Court attorney, who informed that they had never entertained such a motion previously, the Court denied the motion as moot as by the time the motion could have been heard the ACD had expired.

47. The Queens District Attorney's office had been served with the motion and never opposed it.

48. The criminal court concluded in its Decision and Order that because the case was then a

nullity and because you cannot cause criminal charges to be brought against yourself the motion had to be denied.

49. Mr. Garcia was forced to appear in court a total of nine (9) times, he spent in excess of 48 hours in custody, he was forced to retain counsel and he faced the possibility of a 25 year incarceration, despite the fact that he had committed no crimes.

50. Mr. Garcia has been harassed, intimidated, incarcerated, pecuniarily harmed, he was prevented from engaging in his regular affairs of business and he was emotionally harmed due to the malicious conduct of the defendants clearly taken in retaliation for his previous suit and due to his attorney speaking on his behalf to the press about the unfair treatment he was subjected to previously and about the officer who later shot and killed a man in an apparent road rage incident near the Grand Central Parkway.

### FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH
### AMENDMENT TO THE UNITED STATES CONSTITUTION
### VIA FALSE ARREST

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

52. Mr. Garcia's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983, due to his being falsely arrested by the defendants.

53. The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of his confinement; and the plaintiff did not consent to the confinement which was not otherwise privileged.

54. As a direct consequence of defendants' actions, the plaintiff was deprived of rights,

55. privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

55. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Garcia was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed, embarrassed and defamed by being placed in handcuffs in front of his friends, and he was otherwise harmed.

56. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S FOURTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS VIA DENIAL OF HIS RIGHT TO A FAIR TRIAL, i.e., DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS

57. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

58. Mr. Garcia was denied his right to a fair trial i.e., he was subjected to a deprivation of liberty without due process in violation of the Fourth, Sixth and Fourteenth Amendments by the individual defendants who created false information and provided that information to the District Attorney which was then used in his prosecution.

59. The individual defendants fabricated and forwarded to prosecutors information they knew to be false and said false information was almost certain to influence a jury's verdict, and in so doing Mr. Garcia was denied his right to a fair trial and he was thereby damaged.

60. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in

custody, being forced to appear in court numerous times, caused the plaintiff to endure fear from being held in the custody of people who had previously abused him, caused the plaintiff to endure the fear of going to jail for twenty five (25) years, anxiety, he was defamed in his community, he incurred pecuniary harms and he were was otherwise harmed.

61. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT NEW YORK CITY
### i.e., MONELL CLAIM

62. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

63. New York City is liable to the plaintiff for having violated plaintiff's rights protected by the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, more specifically his right not to be arrested and prosecuted without probable cause.

64. As a matter of *de facto* policy, NYC tolerates members of the NYPD committing acts violating the Constitutional rights of members of the African American community.

65. NYC operates and controls a police department with numerous members, insensitive and hostile to the African American community.

66. The NYPD has had frequent instances of false arrests, malicious prosecutions and denial of fair trials against members of the African American community as well as other violations of members of that community's constitutional rights, and still, NYC has failed to take effective action to curtail the aforementioned behavior by its officers.

67. NYC knew that the individual defendants herein had histories of making bad arrests, yet it

        failed to any effective action to curtail the officers' actions-leading directly to Mr. Garcia's arrest.

68. NYC does not take adequate precautions to deter members of the NYPD from retaliating against citizens who complain about and who speak about improper behavior by members of the NYPD.

69. NYC does not train and warn members of the NYPD who have been successfully sued by citizens, to not retaliate against such citizens.

70. Due to NYC's failures to act, Mr. Garcia has been harmed.

71. NYC's failure to train its officers as indicated *supra* resulted in the plaintiff being arrested, handcuffed, being held in custody, being forced to appear in court numerous times, caused the plaintiff to endure fear from being held in the custody of people who had previously abused him, caused the plaintiff to endure the fear of going to jail for twenty five (25) years, anxiety, he was defamed in his community, he incurred pecuniary harms and he were was otherwise harmed.

72. By reason of the aforesaid, the plaintiff has been damaged and is entitled to compensatory damages of not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and an award of attorneys' fees is appropriate pursuant to 42U.S.C. §1988.

### FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### PURSUANT TO 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS
### PURSUANT TO THE FIRST AMENDMENT
### VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH

73. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

74. Mr. Garcia had his First Amendment rights violated in that he was retaliated against for exercising his right to free speech by bringing suit due to the 2007 false charges and thereby

  violating his right to petition the Government for a redress of grievances.

75. By the actions described above, the individual Defendants deprived Mr. Garcia of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, and the First Amendment as made applicable to the states via the Fourteenth Amendment.

76. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being forced to appear in court numerous times, caused the plaintiff to endure fear from being held in the custody of people who had previously abused him, caused the plaintiff to endure the fear of going to jail for twenty five (25) years, anxiety, he was defamed in his community, he incurred pecuniary harms and he were was otherwise harmed.

77. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### FIFTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS VIA A MALICIOUS ABUSE OF PROCESS

78. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

79. The defendants employed regularly issued legal process to falsely arrest Mr. Garcia, in retaliation for speaking out about the officers in the 105th precinct, with intent to incarcerate him without probable cause in order to obtain a collateral objective of keeping him quiet about what they did to him as well as to hold him captive and illegally question him about events in the neighborhood, despite his attorney's instructions not to speak with him.

80. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being forced to appear in court numerous times, caused the plaintiff to endure fear

from being held in the custody of people who had previously abused him, going to jail for twenty five (25) years, anxiety, he was defamed in his community, he incurred pecuniary harms and he were was otherwise harmed.

81. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### SIXTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH
### AMENDMENT TO THE UNITED STATES CONSTITUTION
### VIA MALICIOUS PROSECUTION

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

83. Mr. Garcia's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, due to his being maliciously prosecuted by the defendants.

84. Plaintiff was subjected to a malicious prosecution by the defendants who caused and continued his arrest; without probable cause; the arrest was effected with malice; and the charges should be determined to have terminated in Mr. Garcia's favor as Mr. Garcia did not accept a dismissal via an ACD rather his attorney did so without his consent and in his absence and he fought to have that termination reversed.

85. Defendants disingenuously informed the District Attorney that the plaintiff had committed crimes and generated and forwarded documents to the District Attorney which repeated the false allegations.

86. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being searched, being forced to appear in court numerous times, causing the plaintiff to endure the fear of going to jail, anxiety, he was defamed in his community, he incurred pecuniary harms and he was otherwise harmed.

87. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**WHEREFORE,** plaintiff respectfully request that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff Mr. Garcia's rights under the United States Constitution were violated;

(B) Compensatory damages to be determined at trial in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be determined at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 23, 2018

                                            / s /
                                   FRED LICHTMACHER FL-5341
                                   The Law Office of Fred Lichtmacher P.C.
                                   Attorney for Plaintiff

                                                      116 West 23rd Street Suite 500
                                                      New York, New York 10011
                                                      Tel. No. (212) 922-9066

To:    Zachary Carter
        Corporation Counsel
        100 Church Street
        New York, New York 10007